**FILED**

**IN THE**
**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

JUN 2 3 2008

**Clerk,** U.S. District and
**Bankruptcy Courts**

| | | |
|---|---|---|
| UNITED TRANSPORTATION UNION, 14600 Detroit Avenue Cleveland, OH 44107-4250 | ) ) ) ) ) | |
| vs. | ) ) ) | Case: 1:08-mc-00399 Assigned To : Collyer, Rosemary M. Assign. Date : 6/23/2008 Description: Miscellaneous |
| OFFICE OF THE INSPECTOR GENERAL, National Railroad Passenger Corp. 10 G Street, N.E. Washington, DC 20002 | ) ) ) ) ) | |

## MOTION TO QUASH SUBPOENA

COMES NOW the United Transportation Union, by and through counsel, and hereby

requests this Honorable Court, pursuant to F.R.C.P. 45(c)(3), to grant an Order quashing the

February 11, 2008 subpoena issued by the Amtrak Inspector General to AOL LLC, to the

extent it seeks requesting personal information regarding UTU member David Bowe.

The reasons for this Motion are stated in detail in the Memorandum attached herein.

Pd fee.
$39.00

1

Respectfully submitted,

_____

Jeffrey A. Bartos
(D.C. Bar #435832)
Guerrieri, Edmond, Clayman & Bartos, P.C.
1625 Massachusetts Avenue, N.W.
Suite 700
Washington, DC  20036
Tel:  (202) 624-7400
Fax:  (202) 624-7420

Kevin Brodar
Associate General Counsel
United Transportation Union
14600 Detroit Avenue
Cleveland, OH  44107
Tel:  (216) 228-9400
Fax:  (216) 228-0937

Dated:  June 23, 2008

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on this 23rd day of June, 2008, a true and accurate copy of the foregoing Motion to Quash and Mrmorandum In Support Of Motion To Quash was served via regular U.S. Mail upon the following:

> Fred E. Weiderhold, Jr.
> Inspector General, Amtrak
> 10 G Street, N.E.
> Washington, DC  20002

_____
Jeffrey A. Bartos

**IN THE**
**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

|                                   |    |     |
|-----------------------------------|----|-----|
| UNITED TRANSPORTATION             | )  |     |
| UNION                             | )  |     |
|                                   | )  |     |
| vs.                               | )  | No. |
|                                   | )  |     |
| OFFICE OF THE INSPECTOR           | )  |     |
| GENERAL                           | )  |     |

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH

The United Transportation Union ("UTU") respectfully submits this Memorandum

in support of its Motion to Quash a subpoena issued by the Amtrak Inspector General.

## FACTS

The UTU is an international labor organization representing, among others, rail and

bus employees in the United States and Canada.  David Bowe is a UTU member and

treasurer of a UTU Local representing Amtrak employees.

On May 25, 2008, Mr. Bowe was notified that AOL received a subpoena for records

regarding his personal email account.  (Declaration of David Bowe; Exhibit 1).  To Mr.

Bowe's knowledge, he is not a party to a criminal or civil investigation of any kind. *Id.*  The

subpoena seeks information from Mr. Bowe's personal email account without any stated

purpose for the inquiry.  (Inspector General Subpoena; Exhibit 2).  His personal information

is a private matter and not currently the concern of any public entity.  (Exhibit 1).  Mr. Bowe

is a local treasurer for the United Transportation Union. *Id.*  The union is a labor

**FILED**

*08-399*

**JUN 2 3 2008**

**Clerk, U.S. District and**
**Bankruptcy Courts**

organization within the meaning of the Railway Labor Act, 45 U.S.C. §151 Sixth. The UTU now challenges this nebulous subpoena and asks the Court to grant an Order to Quash.

## ARGUMENT

Subpoenas are not an invitation to raid any and all private information. The Inspector General committed such an invasion when he issued a subpoena for the personal records linked to seven individuals' email accounts without any valid reason. (AOL Subpoena 5). Discovery is not unlimited and the requirement of relevancy should be "firmly applied." *See Herbert v. Lando,* 441 U.S. 153, 177 (1979). District courts "should not neglect their power to restrict discovery where, 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense...' Rule 26(c). With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process." *Id.* Courts will not support an administrative subpoena unless the issuing agency meets three criteria: 1) The power to issue the subpoena must be within the agency's statutory authority; 2) the information sought must be reasonably relevant to the inquiry; and 3) the demand is not unreasonably broad or burdensome. *See United States v. Powell,* 379 U.S. 48 (1964); *United States v. Morton Salt Co.,* 338 U.S. 632 (1950); *Burlington Northern R. Co., v. Office of Inspector General, Railroad Retirement Bd.,* 983 F.2d 631, 638 (5th Cir. 1993). In support of the subpoena in this case, the Amtrak Inspector General has presented no evidence to support either that he has the appropriate authority, or that the information is relevant to a specific inquiry. (Exhibit 2). Mr. Bowe is understandably concerned that his personal information is at risk. This subpoena is a

-2-

personal annoyance to Mr. Bowe and is not relevant to any pending matter. As such, this Court should not hesitate to utilize its power to quash.

An Inspector General's subpoena powers generally do not extend beyond matters of fraud, inefficiency, or waste within a federal entity. *Burlington Northern R. Co.,* 983 F.2d at 641-642 (holding that the Inspector General does not have the power to assume another agency's regulatory compliance duties); *Truckers United for Safety v. Mead,* 251 F.3d 183, 189 (D.C. Cir. 2001) (holding the Inspector General lacked the authority to conduct safety compliance investigations already regulated by the Department of Transportation); *United States v. Montgomery County Crises Center,* 676 F.Supp. 98,99 (D.Md. 1987) (refusing to enforce a subpoena where the inquiry involved national security). In *Burlington,* the court analyzed a 1989 memo issued by the Department of Justice Office of Legal Counsel. 983 F.2d at 642-643. The memo addressed whether the Inspector General has authority to conduct an investigation of private individuals already governed by the Department of Labor. *Id.* Based on its review of the language, structure, purpose, and legislative history of the Inspector General Act of 1978, the Office of Legal Counsel concluded that the Act does not generally vest authority in the Inspector General to conduct regulatory investigations, which it defined as investigations that "have as their objective regulatory compliance by private parties." *Id.* Based on the intent of the Act, the court found the Inspector General lacked the authority to conduct a tax compliance audit of Burlington Northern Railroad.

Here, the Inspector General has presented no evidence that this subpoena involves an investigation within his authority and jurisdiction. The Inspector merely states that he has

-3-

authority pursuant to Section 5 U.S.C. App. 3, Sec.6(a)(4), the Inspector General Act. As *Burlington* indicates, the Inspector General's statutory powers are not limitless. His investigation must involve fraud, inefficiency, or waste within a federal entity, and may not conflict with another agency's authority over compliance. Absent evidence of any relevant purpose for his inquiry, an order to quash this subpoena is appropriate.

Respectfully submitted,

Jeffrey A. Bartos
(D.C. Bar #435832)
Guerrieri, Edmond, Clayman & Bartos, P.C.
1625 Massachusetts Avenue, N.W.
Suite 700
Washington, DC  20036
Tel:  (202) 624-7400
Fax:  (202) 624-7420

Kevin Brodar
Associate General Counsel
United Transportation Union
14600 Detroit Avenue
Cleveland, OH  44107
Tel:  (216) 228-9400
Fax:  (216) 228-0937

Dated:  June 23, 2008

-4-

### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED TRANSPORTATION UNION | ) ) ) | |
| vs. | ) ) | DECLARATION OF DAVID BOWE |
| INSPECTOR GENERAL | ) ) ) | |

I, David Bowe, pursuant to 28 U.S.C. § 1746, declare the following facts to be true:

1. I, David Bowe, am Treasurer of the United Transportation Union, Local 1452 in Boston, Massachusetts.

2. I have the following personal email address with AOL: davebowe@aol.com.

3. I receive personal correspondence and communications relating to union representation at this email address.

4. On May 25, 2008, I received notice from AOL that they had received a subpoena for records regarding this personal email account from the Inspector General.

5. To the best of my knowledge, I am not involved in any current civil or criminal investigation either personally or in my capacity as a union treasurer.

6. My personal information connected to this email account is a private matter and not a concern of any public entity.

I declare under penalty of perjury that the foregoing facts are true and correct.

Executed on June 20, 2008.



David Bowe



February 11, 2008



AOL LLC
Legal Department Custodian of Records-Civil Subpoenas
22000 AOL Way
Dulles, VA 20166

Dear Custodian:

Accompanying this letter is a subpoena addressed to you and returnable at Amtrak's Office of Inspector General, 10 G Street, NE, Washington, DC 20002, before my designee, Deputy Counsel/Director Special Investigations, D. Hamilton Peterson. The subpoena has been issued pursuant to the authority provided to the Inspector General by Section 5 U.S.C. App. 3. Sec. 6(a)(4). The documents are required to be produced by March 11, 2008 at 10:30 a.m.

Fully legible and complete copies of the records called for by the subpoena and completed Certificate of Compliance will be accepted in response to the subpoena, provided that the original records will be made available to employees of my office, upon request, during normal business hours. Otherwise, original documents (including copies as maintained in your files) should be produced.

Moreover, in order to ensure that you comply with the subpoena and that we receive all responsive documents and records, you are requested to read carefully the "Definitions and Instructions" section of Attachment A to the subpoena. In this regard, you should note that the subpoena requests, among other things, that you: (1) provide computer records as well as hard copies of documents, (2) fully support and justify your withholding of any responsive documentation on the basis of privilege or for any other reason, and (3) identify the subpoena requests to which each document is responsive.

Failure to appear at the time and place specified in the subpoena may be taken as a failure to comply with the subpoena. However, as a convenience you may assemble the documents requested and mail them by certified mail on or before the return date, along with the completed Certificate of Compliance.

Please do not draw any inferences of wrongdoing from the issuance of this Subpoena. Our requests for information should not be interpreted in a negative manner. If you have any questions, please feel free to contact Deputy Counsel D. Hamilton Peterson at (202) 906-4345.

Sincerely,

Fred E. Weiderhold, Jr.
Inspector General

FEW/ps
Enclosures



**Issued by the**
**National Railroad Passenger Corporation**
**OFFICE OF INSPECTOR GENERAL**

*SUBPOENA DUCES TECUM*

TO:   Legal Department Custodian of Record-Civil Subpoenas          Subpoena Number: 08 - 02
      AOL LLC                                                        February 11, 2008
      22000 AOL Way
      Dulles, VA 20166

   **YOU ARE COMMANDED** to appear before the following individual, an official of Amtrak's Office of
Inspector General at the place, date and time specified below.

PLACE OF APPEARANCE                                               DATE AND TIME

10 G Street, NE, 3E-400                                           March 11, 2008 @ 10:00AM
Washington, DC 20002

   **YOU ARE COMMANDED** to produce at said time and place the following documents or objects (list
documents or objects).

All records, accounts and other documents relating to materials as set forth in Attachment A.  These
materials should be accompanied by an index identifying the item(s) of the subpoena to which the
documents are responsive.

These materials are necessary in the performance of the Inspector General to conduct and supervise audits
and investigations, to promote economy, effectiveness, and integrity in the administration of programs and
operations of the National Railroad Passenger Corporation (Amtrak).

   Inquiries concerning this subpoena should be addressed to:

      D. Hamilton Peterson
      Office of Inspector General
      10 G Street, NE
      Washington, DC 20002
      (202) 906-4345

Issuing Officer Signature                                         Date

                                                                  February 11, 2008
Issuing Officer Name and Title

Fred E. Weiderhold, Jr., Inspector General

(This subpoena issued under the authority of 5 U.S.C. App 3  Sec. 6(a)(4).)

# ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

A.   "Documents" and "information" shall be read broadly and includes all types of recorded information, including but not limited to writings, letters, drawings, notes, memoranda, graphs, charts, photographs, tape or other audio or video recordings, telephone records, vouchers, bills, statements, diaries, faxes, calendars, appointment records, computer media and other data compilations from which information can be obtained and translated, if necessary, into reasonably readable form.   "Documents" may be in any form, including without limitation electronic form such as documents, files, databases, software, emails (including instant messages), erased or recycled files, and attachments, along with the means to render them readily readable.

B.   "Communications" shall be read broadly and includes but is not limited to documents, and any memorialization (whether written, taped or imputed into a computer) of oral discussions in person or by telephone conversation.

C.   Unless otherwise stated, the period for which documents and records are sought is January 1, 2006 to the present.

D.   In the event that you withhold any documents or portions thereof on the basis of privilege or any other reason, provide the following information with respect to each document: (a) identification of the author(s) and recipients of each document; (b) date of preparation; (c) nature or description of each document; (d) privilege(s) claimed or asserted; and (e) the identity of the holder of the privilege, (f) the current location and custodian of each document, (g) the form and size of the document, e.g. electronic or paper form and the number of pages or size of the file and (h) description of the basis or bases for withholding. This information will generally be referred to as a <u>Vaughn</u> index.

E.   "You," "Your," "Your firm" or refers to AOL, its attorneys, employees, officers, representatives, agents, successors and predecessor entities.

F.   The term "person" is defined as any natural person or any business, legal or governmental entity or association.

G.   The term "concerning" means relating to, referring to, describing, evidencing or constituting.

H.   The term "all" and "each" shall each be construed as both all and each.

I.   The connectives "and" and "or" shall be construed to provide the broadest scope of production i.e., either disjunctively or conjunctively as necessary to bring within the scope of this subpoena all responses that might otherwise be construed to be outside of its scope.

J.   The use of the singular form of any work includes the plural and vice versa.

Page 2
Attachment A

**Instructions:**

1.  Produce all computer and electronic media, including disks or tapes, which are relevant to the document requests below. Documents and other information stored on electronic media should be presented in its original native format with the means to render it intelligible and readable. In addition, copy all hard drive materials or other less portable materials onto a fixed disk or CD/DVD media and provide these copies, while preserving the original drives. For each disk or CD/DVD produced, provide an explanation on how to access the materials. Finally, produce a paper copy or printout of all documents or other information contained on or within the disks or CD/DVD.

2.  For each document produced, identify the document request(s) to which it is responsive.

3.  Each paragraph and subparagraph of this subpoena should be construed independently and no other paragraph or subparagraph shall be referred to or relied on for the purpose of limiting this subpoena's scope.

4.  If in responding to this subpoena you claim any ambiguity in interpreting either this subpoena or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, but there shall be set forth as part of your response the language deemed to be ambiguous, the alternative meaning you believe exists, and the interpretation chosen or used in responding to this subpoena.

5.  You are to produce original documents in your possession, custody, or control in response to this subpoena. If you are not in possession, custody, or control of the original documents responsive to this subpoena, produce the best available copies of responsive documents that are in your possession, custody, or control. Non-identical copies are considered separate documents and originals in their own right.

6.  All pages of documents that are now stapled or fastened together should be produced stapled or fastened together accordingly.

7.  Documents responsive to this subpoena shall be produced as they have been kept prior to this request in the usual course of business or shall be organized and labeled to correspond to the number and categories in this request. If there are no documents responsive to any particular category, such information shall be set forth in writing.

8.  This subpoena covers all documents in your possession, custody, or control, including the possession, custody, or control of your employees, agents, lawyers, accountants, and the like. All documents and information within the scope of this subpoena must be preserved in its original condition and remain readily accessible until further notice.

9.  If there was a document responsive to this subpoena but it no longer exists, state the

circumstances under which it was destroyed or ceased to exist and provide the following
information:

    i.    identify each person who determined or authorized that each such
        document would be removed, discarded, or destroyed;

    ii.    identify each person who authorized the removal, discarding, or
        destruction of each such document;

    iii.    identify each person who removed, discarded, or destroyed each such
        document;

    iv.    the substance and content of each such document;

    v.    the date on and location at which each such document was removed,
        discarded, or destroyed; and

    vi.    the reason for the removal, discarding, or destruction.

10.    This subpoena shall be deemed continuing so as to require further and supplemental
production if you come into possession, custody, or control of additional responsive
documents after the time of initial production.

**Please provide copies of the following documents:**

A.    Documents which identify the following information for any accounts registered to or
associated with gblatham@aol.com; amtk161@aol.com; ruslmania@aol.com;
editrail@aol.com; up8009@aol.com; davebowe@aol.com; alfein@aol.com:

    1.    The subscriber's name;

    2.    The subscriber's address;

    3.    The subscriber's length of service (including start date) and types of
        services utilized; and

    4.    The subscriber's telephone or instrument number or other subscriber
        number or identity, including any temporarily assigned network address.

It is not necessary that you provide all documents containing this information or subset of
information, provided your response is complete, identifying all names, addresses service
and numbers.

## CERTIFICATE OF COMPLIANCE

I hereby certify that to the best of my knowledge, information and belief that all documents or things required to be produced in response to the subpoena issued by the Inspector General of Amtrak dated February 11, 2008 and delivered (or mailed via registered mail) to D. Hamilton Peterson of the Office of the Inspector General on or before March 11, 2008 have been produced and are genuine, complete and in full compliance with the demand made in the subpoena for the materials specified therein.

I declare under penalty of perjury that the foregoing is true and correct.

_____
(Signature)

_____
(Name - typed or printed)

_____
(Title, if applicable)

_____, 2008
(Date Executed)

_____
(City and State)

WITNESS:

_____
(Signature)

_____
(Name and Title)

_____, 2008
(Date)

SUBPOENA NUMBER: 08 - 02